# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
«FIRM_DETAILS__Street_number» «FIRM_DETAILS__STREET_NAME» «FIRM_DETAILS__LEVEL» «FIRM_DETAILS__CITY»
«FIRM_DETAILS__State» «FIRM_DETAILS__Zip»
PHONE «FIRM_DETAILS__Phone» FAX «FIRM_DETAILS__Fax»

November 1, 2024

VIA ECF
Honorable Valerie E. Caproni
United States District Court, Southern District of New York
40 Centre Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/24

      Re:    *Zakir Hossain, et al. v. Lets' Eat LLC, et al.*
            Index No:    1:24-cv-04078-VEC

Dear Judge Caproni:

      I represent the Defendants Let's Eat LLC and Michelle Gaton in this action. I write in response and opposition to Plaintiffs' October 24, 2024 letter seeking to compel Defendants to produce documents relevant to their putative class action.

      The Court referred this action to mediation on June 28, 2024, two days after the Defendants filed their answer. (Dkt. Nos. 10, 12) At the initial call with the assigned mediator, Plaintiffs' attorney stated that he would only agree to mediate the action on a class basis. Defendants' stated that they were opposed to class mediation, but also recognized that it take two parties to make a successful mediation, and consented to Plaintiffs' request to adjourning the mediation until after class discovery took place. (Dkt. No. 13) The Court denied Plaintiffs' request and set a status conference. (Dkt. No. 14)

      After the Court denied the request, the parties scheduled mediation for October 16, and requested that the status conference be cancelled. (Dkt. No. 15) The Court granted the request and stated that the parties are obligated to participate in mediation in good faith. (Dkt. No. 16) Defendants produced pay records of the Plaintiffs to Plaintiffs' attorneys.

      At approximately 4:00 PM on October 9 — one week before the scheduled mediation and the day when mediation statements were due to the mediator — Plaintiffs' attorney advised that they were still only willing to proceed with mediation on a class basis. Plaintiffs' attorney had not made any request for class documents, and none were ordered to be provided in the Court's mediation order. Plaintiffs' attorneys also had not provided a settlement demand (on either a class or individual basis), as they were directed to do by the Court's mediation order. (Dkt. No. 12)

      Defendants had assumed that the Plaintiffs were willing to mediate on an individual basis, given that the Court denied their request to adjourn mediation until after class discovery. (Dkt. Nos. 14, 16) Defendants had also assumed that was the case since Plaintiffs' attorney had not

made any request for class documents and information and had not communicated any class settlement demand.

After exchanging email correspondence, Defendants held a call with Plaintiffs attorney at approximately 5:00 PM. Defendants' attorney asked for a class settlement demand, in the event that they would proceed with a class mediation on October 16. Plaintiffs' attorney said that they would need some minimal class information as to the number of putative class members in order to proceed with a class mediation.

On October 10, Defendants agreed that they would proceed with class mediation, because the Court had ordered mediation and denied Plaintiffs' motion to adjourn mediation until after discovery. Plaintiffs continued to refuse to mediate on an individual basis. Defendants did not want to violate the Court's order to engage in mediation, even if Plaintiffs were imposing their own additional terms for mediation. Defendants agreed to mediate on a class basis on the understanding that they would provide basic information about the number of putative class members that would allow Plaintiffs' attorney to provide an estimated damages calculation.

Plaintiffs' attorneys now are requesting what the Court denied in August: that Defendants provide class discovery before proceeding with mediation. Doing so will be unduly burdensome, expensive, and time-consuming for Defendants and their attorneys. This would undermine one of the purposes of early mediation: to resolve actions before the parties incur significant discovery costs.

To the extent that there are outstanding documents for the individual Plaintiffs, Defendants will produce them forthwith.

We also note that Plaintiffs' letter misdescribes the individual wage records produced by Defendants. The records do not support the alleged violations that Plaintiffs attribute to them.

We ask that the Court deny Plaintiffs' request. We thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/ Joshua S. Androphy
    Joshua S. Androphy, Esq.

Plaintiffs' motion to compel Defendants to produce class wage records is DENIED. The Undersigned requires all cases filed under the Fair Labor Standards Act to go to mediation under Local Rule 83.9 prior to an initial pretrial conference. *See* Dkt. 12. In August 2024, the Undersigned rejected the parties' request to undertake class discovery prior to mediation and reminded the parties of their obligation to participate in mediation in good faith. *See* Dkts. 14, 16. It appears that Plaintiffs have not heeded the Court's reminder. Plaintiffs cannot condition their participation to engage in Court-ordered mediation so long as it occurs on a class wide basis; nor can Plaintiffs attempt to circumvent the Court's prior rejection of their request to conduct class discovery in advance of mediation. The Court requires the parties to work together professionally and to engage in mediation. Plaintiffs' counsel is on warning that further antics to the contrary may result in sanctions.

SO ORDERED.        11/1/24

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE